Citation Nr: 1719250 
Decision Date: 05/03/17 Archive Date: 06/06/17

DOCKET NO. 12-24 309A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for a left lower extremity disability.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. M. Schaefer, Counsel





INTRODUCTION

The Veteran served on active duty from August 1989 to November 1991. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a November 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

In January 2015, the appeal was remanded to the RO for further development, which has been accomplished. See Stegall v. West, 11 Vet. App. 268, 271 (1998). It now returns to the Board for appellate review. 

Since the most recent adjudication of the case by the agency of original jurisdiction (AOJ), several service personnel records have been added to the claims file. The Veteran has not waived AOJ review of this evidence. See 38 C.F.R. § 20.1304 (2016). However, the evidence has no bearing on the Board's decision below. Therefore, remand or waiver with regard to this evidence is not necessary, and the Board may proceed in its adjudication of the appeal.

The issue of entitlement to service connection for a left lower extremity disability is addressed in the REMAND portion of the decision below and is remanded to the Agency of Original Jurisdiction (AOJ).

The record before the Board consists solely of electronic records within Virtual VA and the Veterans Benefits Management System (VBMS). 


FINDING OF FACT

Bilateral hearing loss preexisted service and was not aggravated by service. 




CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.385 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duty to Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2014), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2016), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. 

The record reflects that all available pertinent treatment records, to include service treatment records and available post-service VA and private treatment records, have been obtained. The Veteran has not identified any outstanding, existing evidence that could be obtained to substantiate the claim. The Board is also unaware of any such evidence. Moreover, the Veteran has been provided appropriate VA examinations.

Accordingly, the Board will address the merits of the claim.

II. Legal Criteria

Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

At the time of a service entrance examination, every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C.A. § 1111 (West 2014). Only such conditions as are recorded in examination reports are considered as 'noted.' 38 C.F.R. § 3.304 (b) (2016). When determining whether a defect, infirmity, or disorder is noted' at entrance into service, supporting medical evidence is needed. Crowe v. Brown, 7 Vet. App. 238 (1994).

A preexisting injury or disease will be considered to have been aggravated by service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 C.F.R. § 3.306 (a). 

For wartime service or peacetime service after December 31, 1946, clear and unmistakable evidence is required to rebut the presumption of aggravation. 38 C.F.R. § 3.306 (b).

A disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310 (a) 

Any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease, will be service connected. 38 C.F.R. § 3.310 (b).

For the purpose of applying the laws administered by VA, impaired hearing will be considered a disability when the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2016); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54. 

III. Analysis

In this case, the Board has reviewed all of the evidence of record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record, but does not have to discuss each piece of evidence). Hence, the Board will summarize the relevant evidence where appropriate and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

The Veteran contends that he has hearing loss as a result of noise exposure during his military service in the field artillery. His service treatment records are unavailable for review, with the exception of a June 1988 ROTC examination which revealed a hearing loss as defined by VA regulations. 




The pure tone thresholds, in decibels, were as follows:




HERTZ



500
1000
2000
3000
4000
RIGHT
25
25
25
25
45
LEFT
25
25
25
25
45

Consequently, the Veteran is not presumed to have been sound upon his entrance into active duty. Therefore, the evidence must establish that there has been aggravation of the disability. 

The Veteran has been afforded two VA examinations for this claim. At the first, performed in August 2010, the examiner indicated that the hearing thresholds were in the range for mild to moderately severe hearing loss, but did not report the numerical values or speech audiometry results because of a lack of consistency with the speech discrimination scores which rendered the puretone thresholds invalid. 

An April 2015 VA examination yielded the following pure tone thresholds, in decibels:




HERTZ



500
1000
2000
3000
4000
RIGHT
15
15
25
25
35
LEFT
15
15
25
20
20

Speech discrimination scores were again not reported due to unreliability of the Veteran's responses. The examiner indicated that there was no significant threshold shift between the June 1988 ROTC examination and the findings at the April 2015 examination; therefore, the examiner concluded that the Veteran's bilateral hearing loss was not aggravated by his military service. 

The Veteran has supplied no competent and probative opinion that contradicts the above opinion. Moreover, the April 2015 VA examination does not demonstrate a current hearing loss disability under VA regulations, which suggests, if possible, that the Veteran's hearing acuity actually improved rather than increased in severity during the time since his June 1988 ROTC examination. 

In light of the above facts, the Board determines that the competent and probative evidence does not establish an increase in severity in the Veteran's preexisting hearing loss, and a preponderance of the evidence is against a finding of aggravation. Thus, service connection for bilateral hearing loss is denied. 


ORDER

Entitlement to service connection for bilateral hearing loss is denied.


REMAND

With regard to the Veteran's left lower extremity claim, the Board regrets that another VA examination is necessary. The Veteran contends that he has left lower extremity pain as a result of experiencing severe shin splints while serving on active duty, and the appeal was remanded so that a VA examination could be scheduled and an etiological opinion obtained. In March 2015, the Veteran was afforded a VA examination of the peripheral nerves, which found no current, or history of, peripheral nerve disorder. There was no examination conducted that pertains to shin splints or other musculoskeletal disorder of the leg. Therefore, the appeal must be again remanded for a VA examination pertinent to the left lower extremity claim. 

Accordingly, this case is REMANDED for the following actions:

1. Undertake appropriate development to obtain any outstanding records pertinent to the Veteran's claim.

2. Afford the Veteran an examination by a physician with sufficient expertise to determine the nature, extent, and etiology of any left lower extremity disability that the Veteran may have, including shin splints or other musculoskeletal disability. The claims folder must be made available to the 

All pertinent evidence of record must be made available to and reviewed by the examiner, and any indicated tests and studies should be performed.

Based on the review of the record and examination of the Veteran, the examiner should state a medical opinion with respect to each left lower extremity disorder present during the period of the claim as to whether it is at least as likely as not (i.e., whether there is a 50 percent or better probability) that the disorder originated during active service or is otherwise etiologically related to active service, to include related to any in-service activities described in the Veteran's written or oral statements. 

For purposes of the opinion, the examiner should assume that the Veteran is a reliable historian. The examiner must not ignore the Veteran's competent reports of the claimed in-service injury or of symptoms experienced during active service and since. In addition, the examiner should take into consideration the multiple lay statements provided by family and friends in support of the Veteran's contentions.

The rationale for each opinion expressed must also be provided. If the examiner is unable to provide any required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed. 

3. Readjudicate the issue remaining on appeal. If the benefit sought on appeal is not granted to the Veteran's satisfaction, a supplemental statement of the case should be issued to the Veteran and his representative, and they should be afforded the requisite opportunity to respond. Thereafter, the case should be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
T. REYNOLDS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).


Department of Veterans Affairs